# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00344-CV

---

**D'joulou K. Caldwell, Appellant**

**v.**

**Texas Department of Public Safety; Steven C. McCraw, in his Official Capacity As Director of the Texas Department of Public Safety; and Irving Municipal Registration Police Officer Dennis Johnson, in his Official Capacity as a Peace Officer/Reporting Officer of the Irving Police Department, Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-001493, THE HONORABLE JEFF L. ROSE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pro se appellant D'joulou K. Caldwell filed a notice of appeal complaining of two orders rendered in his suit against the Texas Department of Public Safety (DPS); Steven C. McCraw, in his official capacity as director of DPS; and Dennis Johnson, in his official capacity as an officer in the Irving Police Department. As we explain below, we dismiss the appeal for want of jurisdiction.

## PROCEDURAL SUMMARY

Caldwell filed suit against DPS, seeking declaratory and injunctive relief barring it from enforcing against him its registration requirements under chapter 62 of the penal code. *See* Tex. Code Crim. Proc. arts. 62.001-.408 (Sex Offender Registration Program) (the Program).

DPS filed a motion to quash, and Caldwell filed a motion for default judgment, asserting that DPS had not filed a timely answer.

The trial court held a hearing on November 20, 2020, in which it considered the two motions. The court granted the motion to quash because citation had been served on a legal assistant in DPS's general counsel's office rather than on McCraw, its director. *See* Tex. Civ. Prac. & Rem. Code § 101.102(c) (describing service on governmental units). The court explained that the motion to quash amounted to DPS's appearance in the case and that "once they've made an appearance, [Caldwell] cannot proceed with the default judgment." *See* Tex. R. Civ. P. 122 (if citation or service is quashed on defendant's motion, defendant is deemed to have appeared on first Monday after twenty days from date citation or service is quashed; if defendant does not answer by then, default judgment may be rendered); *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) ("A default judgment may not be rendered after the defendant has filed an answer."); *see also Kawaski Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (defendant that successfully moves to quash citation obtains relief in form of additional time to answer). The court said, "I hope you're both able to move along and get this down to a merits consideration for the Court, but today there will be no default. There will simply be this order granting the motion to quash and pushing the deadline for the answer down the road." Caldwell stated, "I just want to put on the record that I do object to that," and the court responded, "That's okay, but I'm not going to . . . let you make any argument . . . because the law is crystal clear."[1]

---

[1] Caldwell filed an appeal from the granting of DPS's motion to quash, and this Court dismissed the appeal for want of jurisdiction, explaining that the granting of a motion to quash is not an order from which an interlocutory appeal may be taken and that by filing a successful motion to quash, DPS had entered a general appearance in the lawsuit. *See Caldwell v Texas Dep't of Pub. Safety*, No. 03-20-00561-CV, 2021 WL 3376931 (Tex. App.—Austin Aug. 4, 2021, no pet.) (mem. op.).

Caldwell filed an amended petition adding as defendants McCraw and Johnson in their official capacities and filed a motion for summary judgment against Johnson asserting that he had acted ultra vires in his handling of Caldwell's case. Johnson filed a plea to the jurisdiction asserting that he was entitled to sovereign immunity as a governmental employee sued in his official capacity for acts occurring within his scope of employment.

On June 24, 2021, the trial court held a hearing on Caldwell's motion for summary judgment and Johnson's plea to the jurisdiction. Johnson argued that Caldwell had not established that Johnson had acted outside his statutory authority and explained that although Caldwell believed that he had been improperly required to register more often than is mandated by statute, the Program requires an initial registration and then a yearly verification that is based on the registrant's birthday, meaning that "depending on when your birthday falls, you may have to come back that same year and verify your registration."[2] The trial court ruled that it was denying Caldwell's motion for summary judgment because "there are pretty significant factual disputes here" and because Caldwell seemed to have based his claims on his disagreement with how Johnson had applied the Program and had not carried his burden of establishing that Johnson had acted "completely outside of the law."

As to his plea to the jurisdiction, Johnson asserted that he is "just a bystander and doesn't have a dog in this fight," saying that the issue was whether Caldwell was required to register as a sex offender: "[Caldwell] thinks that he isn't required to do so, DPS has made a determination that he is. That's the fight in this case." Johnson also observed that the disagreements about his request that Caldwell return to verify the initial registration had been

_____

[2] Johnson explained that Caldwell initially registered in February and that because his birthday is in May, he was required to return to verify his registration in the sixty-day period made up of the thirty days leading up to and the thirty days following his birthday.

3

resolved and that Caldwell had registered as required in 2020 and had verified his registration for 2021. Therefore, Johnson argued, "[t]here are no outstanding issues that need to be resolved" as far as he was concerned and no prospective injunctive relief that could resolve any issues with him, which is "a key element of Mr. Caldwell's ultra vires claims."

The trial court ruled that it was granting Johnson's plea to the jurisdiction because Caldwell's complaints had to do with "the classification the system is making" rather than "anything the officer is doing." The court explained that although Johnson "will not be a part of the case anymore," Caldwell's case against DPS would continue. The trial court signed an order granting Johnson's plea to the jurisdiction and dismissing Caldwell's claims against him, stating that "[a]ll relief requested but not expressly granted herein is **DENIED**."

Caldwell then filed his notice of appeal, which states that he is "appealing the FINAL JUDGMENT of the [trial court], as handed down by" the "Default Judgment" signed on November 20, 2020, and the "Summary Judgment" signed on June 24, 2021. In his briefing, Caldwell complains of the court's granting of DPS's motion to quash and argues that appellees lacked the authority to (1) "manufacture findings" and "pass off" to Caldwell the responsibility of refuting those findings, (2) impose a time constraint not present in the statutes, and (3) convert a ministerial process into "a full 'verification' process." Johnson filed a motion to dismiss, arguing that the orders from which Caldwell appeals are interlocutory orders from which an appeal may not be taken. DPS and McCraw argue that we lack jurisdiction over Caldwell's challenge to the trial court's granting of DPS's motion to quash. As explained below, we agree.

4

**DISCUSSION**

Caldwell argues that because the June 24, 2021 order states, "All relief requested but not expressly granted herein is **DENIED**," it is a final order under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), and its progeny. Caldwell, however, has a mistaken understanding of the law governing when an order can be considered final.[3] In *Lehmann*, the supreme court discussed the preceding years of confusion in appellate courts when determining when an order that is rendered without a conventional trial should be considered final. *Id*. at 195–204. The court addressed whether a "Mother Hubbard clause," a statement such as the one included in this order, which Caldwell describes as a "finality phrase," should be viewed as making an order final, holding squarely that it does not:

> Much confusion can be dispelled by holding, as we now do, that the inclusion of a Mother Hubbard clause—by which we mean the statement, "all relief not granted is denied," or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. We overrule *Mafrige* [*v. Ross*, 866 S.W.2d 590 (Tex. 1993),] to the extent it states otherwise. If there has been a full trial on the merits either to the bench or before a jury, the language indicates the court's intention to finally dispose of the entire matter, assuming that a separate or bifurcated trial is not ordered. But in an order on an interlocutory motion, such as a motion for partial summary judgment, the language is ambiguous. It may mean only that the relief requested in the motion—not all the relief requested by anyone in the case—and not granted by the order is denied. The clause may also have no intended meaning at all, having been inserted for no other reason than that it appears in a form book or resides on a word processor. For whatever reason, the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality.

*Id*. at 203-04. Instead, "when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim

---

[3] Although Caldwell represents himself pro se, we must hold him to the same standards as parties represented by counsel. *See, e.g.*, *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd).

and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties."[4]  *Id*. at 205.  We hold that the inclusion of a statement to the effect that "all relief requested but not expressly granted is denied" does not render the June 24, 2021 order final.  *See id*.  Instead, as observed by the trial court when it granted Johnson's plea to the jurisdiction, Caldwell's case against DPS and McCraw is still pending.[5]  Thus, this appeal is interlocutory, and "[u]nless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments."  *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We next consider whether any of the orders Caldwell challenges are the sort from which an interlocutory appeal may be taken.

"We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable." *Id.*  In his notice of appeal, Caldwell states that he is appealing from the trial court's denial of his motion for a default judgment against DPS and its denial of his motion for summary judgment against Johnson.  In his brief, he argues that the court erred in granting DPS's motion to quash and raises issues as to whether appellees had the authority to make their decisions related to

---

[4]  Caldwell quotes *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001), as holding that a Mother Hubbard clause provides an "irrebuttable finality presumption."  However, the language he quotes is found in Justice Baker's concurring opinion, when he observes that in *Mafrige v. Ross*, 866 S.W.2d 590 (Tex. 1993), the supreme court had "carved out an exception to what we had said in [an earlier case] by holding that an irrebuttable finality presumption applies to summary judgments containing a Mother Hubbard or similar finality clause."  39 S.W.3d at 214.  As noted above, *Lehmann* expressly overruled that *Mafrige* rule.  *Id*. at 204.

[5]  The clerk's record includes an order signed February 24, 2021, granting DPS's plea to the jurisdiction, filed after Caldwell filed his first amended petition.  However, Caldwell amended his petition a second time on February 4, 2021, amending his claims against DPS and adding claims against McCraw and Johnson.  And even if all of the claims between Caldwell and DPS were disposed of by the February 24, 2021 order, there is no indication in the record that Caldwell's claims against McCraw have been disposed of.  Thus, the orders from which Caldwell appeals are, as McCraw and DPS argue in their briefing, interlocutory.

Caldwell's need to register in the first place and to return to verify his initial registration. None of the orders he challenges—the order granting the motion to quash,[6] the refusal to grant a default judgment against DPS, or the order denying Caldwell's motion for summary judgment against Johnson—are orders from which an interlocutory appeal may be taken. And even if Caldwell's arguments can be read as challenging the trial court's order granting Johnson's plea to the jurisdiction, we may only exercise jurisdiction over an interlocutory appeal complaining of an order *denying* a plea to the jurisdiction based on a state employee's assertion of immunity, not of an order *granting* such a plea. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(5).

## CONCLUSION

Because the orders and actions of which Caldwell complains fall outside the bounds of our authority to consider in an interlocutory appeal, we cannot exercise jurisdiction over the appeal. We dismiss the appeal for want of jurisdiction.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Jones*

Dismissed for Want of Jurisdiction

Filed: March 28, 2023

* Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

---

[6] As we have noted, this Court has already dismissed one attempted interlocutory appeal from the granting of DPS's motion to quash. *See Caldwell*, 2021 WL 3376931, at *1.